### CHEYRON'S HEIRS *vs.* ATTORNEY GENERAL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

All laws before they become obligatory, must be known, and be promulgated by the governor.

So, a law which is promulgated by the secretary of state, in pursuance of a resolution of the two branches of the legislature, and which never received the approbation of the governor, is *not obligatory*.

This case comes up on the opposition of the heirs of the late Joseph Cheyron, whose succession was opened in the city of New-Orleans, to the account filed by the curators of his vacant estate.

The opponents allege that they are the legal heirs of the deceased, and that there are three items charged by the curators against the estate, which they oppose : 1. The sum of three thousand dollars allowed to the attorney of the absent heirs. 2. The sum of six thousand dollars allowed to the three attorneys employed by the curators : and, 3. The sum of twenty-four thousand dollars charged to the estate, being the amount of a state tax of ten per cent. levied on all vacant successions, in virtue of an act of the legislature of the state of Louisiana, passed in March, 1836, entitled " An act for the relief of the Charity Hospital of New-Orleans, and for other purposes."

EASTERN DIST.    The two first objections were waived by a compromise
May, 1838.    between the heirs and the attorneys, by which it was agreed,
CHEYRON'S HEIRS    that the sum of five thousand dollars should be allowed the
vs.    attorneys for the curators, and two thousand five hundred
ATT'Y. GENERAL.    dollars, the attorney of absent heirs.

*Mazureau,* attorney general, appeared on behalf of the
state, and supported the charge allowing the tax of twenty-
four thousand dollars in favor of the state.

The judge of Probates was of opinion, the act of 1836,
under which the tax in question is claimed, had not been
legally promulgated, and consequently is null and void.

The act of 1836, was passed the last night of the session
of 1835, in a mangled form, and withheld by the governor.
He failed to return it within the three days required by the
constitution after the meeting of the session of 1836, and in
the opinion of the legislature, it thereby became a law. The
two branches passed a resolution promulgating it as a law in
force, but this resolution never received the signature of the
governor. It was promulgated by the secretary of state.

' The fourth section of this act revived the first section of
the act of the 25th of March, 1828, which levied a tax of ten
per cent. on all vacant successions opened in this state, or
inheritances by foreigners, nct citizens or domiciliated in the
United States. It was in pursuance of this law that the
charge in question was made by the curators in their ac-
count. The heirs of Joseph Cheyron were French subjects.
Judgment having ,been rendered in favor of the opponents,
the attorney general appealed.

*De Armas,* for the opponents and appellees, maintained, that
there is no existing law of the state, imposing a tax of ten per
cent. on estates inherited by foreigners. The first section of
the act of the 25th March, 1828, imposed this tax, but was sub-
sequently repealed. A law was passed through both branches
of the legislature, at the session of 1835, the 4th section of
which revives the first section of the act of 1828. This law
was vetoed by the governor, as containing unconstitutional
provisions. It was again sent to the governor, after striking

out some parts of it, and without the enacting clause, and never returned by him.   The house of representatives ordered it to be published as a law, without the signature of the governor.   The original was deposited in the secretary of state's office, and published in the state paper, but without the enacting clause, and without the governor's signature. It has not been passed and promulgated as the law requires, and is not binding on any one.   *Louisiana Code, articles* 1, 4, 5 and 6.

2. The dispositions or tax contained in the first section of the act of the 25th of March, 1828, if they have ever been revived, are contrary to existing treaties between the United States and France, and can have no effect.   *See Treaty of* 1778, *articles* 1, 2, 3, 4, 11.   *Vol.* 1, *Laws of the United States, p.* 76, 77.   *Treaty of* 1800, *ibid.,* 116 and 119.

*Mazureau,* attorney general, contended, that the law under which the tax is claimed, is valid and in full force. The fourth section of the act of 1836, revived the first section of the act of 1828, which taxes all successions inherited by non-resident aliens.

2. The reviving law of 1836 is valid and in force.   It was first passed at the close of the session, and sent to the governor, who did not return it to the legislature until some time after the next session, and after the constitutional term had expired, and in the opinion of the legislature it had become a law. - A resolution was passed requesting the secretary of state to have it printed and promulgated, which was done.

3. The signature of the governor was unnecessary to give validity to this act, as a law of the land.   It is very erroneous to test the validity of this law by the Louisiana Code.   The code is not the constitution, nor can it amend or alter the constitution.   It is taken for granted that when a law is passed, in the manner prescribed by the latter instrument, it is all that is required to give it validity, unless it contains provisions repugnant to the constitution.

4. The objection made for want of the enacting clause to the act in question, must fall to the ground.   The constitu-

EASTERN DIST.  tion does not prescribe any form, and when the first section
May, 1838.  begins by these words, "*Be it enacted, etc.,*" and the bill is

CHEYRON'S HEIRS  signed by the president of the senate, and speaker of the
*vs.*  house of representatives, and having been retained over the
ATT'Y. GENERAL.  constitutional period by the governor, it is all that is required
to become a valid law.

5. The question raised by the adverse counsel, out of our treaties with France, the attorney general submitted to the consideration of the court.

*Martin J.*, delivered the opinion of the court.

The attorney general, in behalf of the state is appellant from a judgment which sustains the opposition of the heirs to the charge made by the curators, of the tax laid by the act of 1836, "for the relief of the charity hospital, etc." See *Session Acts of* 1836, *page* 146.

The attorney of the appellees has contended, that the charge is illegal on several grounds, one of which only is to be considered, to wit: the absence of the legal promulgation of the act in question.

All laws be-  The attorney general informs us, that the act was promul-
fore they become
obligatory, must  gated by the secretary of state, in pursuance of a resolution
be known, and  of the legislature; but it appears that this resolution never
must be promul-
gated by the go-  received the approbation of the governor. The Louisiana
vernor.  Code, article 4, provides, that laws cannot be obligatory
without being known, and must be promulgated by the
governor of the state.

The legislature clearly possesses the right to fix the period at which their acts become obligatory; and they say they are not so till after their promulgation by the governor. No
So, a law which  promulgation of the act relied on, having been made by the
is promulgated
by the secretary  governor, it follows, that it is not obligatory, unless it has
of state, in pur-
suance of a reso-  become so in some other legal form or manner pointed out
lution of the two  by law. The legislature had the undoubted right to say,
branches of the
legislature, and  that the act would become obligatory on its being promul-
which never re-
ceived the ap-  gated by the secretary of state, and had they done so by
probation of the  some law or resolution which had passed both houses, and
governor, is *not*
*obligatory*.  been approved by the governor, or on his approbation being

withheld, passed by the constitutional number of the members of both houses, or being withheld by the governor for more than ten days, then the secretary's promulgation would have sufficed. The act not having been legally promulgated, has not become obligatory.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed.